**In re CEI ROOFING, INC., et al., Debtors.**

**Specialty Associates, Inc., Plaintiff,**

**v.**

**Ronald J. Werowinski and Total Roofing Systems LLC, Defendants.**

**Bankruptcy No. 04–35113–HDH–11. Adversary No. 04–03332–HDH.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

July 27, 2004.

Opinion Issued Aug. 2, 2004.

Keith Miles Aurzada, Akin Gump Strauss Hauer & Feld, LLP, Dallas, TX, for Debtor/Appellee.

Chris Trebatoski, Gonzalez, Saggio & Harlan, L.L.P., Milwaukee, WI, for Defendant/Appellant Ronald J. Werowinski.

Mark W. Bayer, Jason N. Bramlett, Gardere Wynne Sewell LLP, Dallas, TX, for Total Roofing Systems, L.L.C.

### *PRELIMINARY INJUNCTION*

HARLIN D. HALE, Bankruptcy Judge.

On July 15 and 16, 2004, the Court heard evidence and argument on the Motion for Issuance of Preliminary Injunction filed by Specialty Associates, Inc. ("SAI"). Based upon the motion and response, the evidence presented at the hearing, the statements of counsel, and the applicable authorities, and consistent with the Court's order dated July 19, 2004 granting SAI's motion and Rule 7065 of the Federal Rules of Bankruptcy Procedure, the Court enters the following preliminary injunction:

Beginning on July 19, 2004, and until further order of this Court, Defendants are enjoined from the following conduct:

(1) directly or indirectly, alone, or as a partner, joint venturer, officer, director, member, employee, consultant, agent, independent contractor or security holder, of any company or business, in the State of Wisconsin, engaging in, financing, or providing assistance (whether financial or otherwise) with respect to any business activity involving the Roofing Business;

(2) directly or indirectly (i) inducing any customer of SAI or the generalRoofing Companies to patronize any Roofing Business, directly or indirectly in competition with the Roofing Business conducted by SAI or the generalRoofing Companies in the State of Wisconsin, (ii) canvassing, soliciting, or accepting from any customer of SAI or the generalRoofing Companies in the State of Wisconsin any such competitive business, or (iii) requesting or advising any customer of SAI or the generalRoofing Companies in the State of Wisconsin to withdraw, curtail, or cancel any such customer's business with SAI or the generalRoofing Companies; and

(3) directly or indirectly employing, or knowingly permitting any company or business directly or indirectly controlled by one or both of the Defendants to employ, any person who was employed by SAI or the generalRoofing Companies within the six months preceding May 21, 2004, or in any manner seeking to induce any such person to leave his or her employment.

The term "Roofing Business" shall mean any business activity in the business of providing commercial roofing services, including, without limitation, re-roofing, restoration and repair, new roof construction and roof maintenance.

The term "generalRoofing Companies" shall mean General Roofing Services, Inc. and any of its subsidiaries and affiliates.

Nothing in this preliminary injunction shall be construed to preclude or enjoin in any way the following:

(1) the continued employment by either Werowinski or Total Roofing Systems LLC, of any employee who was previously employed by Plaintiff and who was hired by Werowinski or Total Roofing Systems LLC before July 19, 2004; or

(2) the completion of any Roofing Business within the State of Wisconsin that was commenced prior to July 19, 2004 in violation of Section 3 of the Employment Agreement. For purposes of this preliminary injunction, "commenced" shall mean any project for which Werowinski or Total Roofing Systems LLC had a signed contract and either began physical work on the job site or purchased fabricated specialized materials for the contract, prior to July 19, 2004.

Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, no bond is required to be posted.

This injunction is effective as of July 19, 2004 and shall extend on a prospective basis pending further order of this Court.

This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this injunction.

## MEMORANDUM OPINION

This case presents a fundamental jurisdictional question: May a bankruptcy court, in an action brought by the debtor, enjoin a defendant from an alleged post-petition breach of a pre-petition contract? After careful consideration this Court concludes that (1) it has "related to" jurisdiction over the post-petition dispute, and (2) it has the power to enter an injunction under the present circumstances.

## FACTS

On January 31, 2002, Defendant Ronald Werowinski ("Werowinski") entered into an agreement to extend for at least two years his employment as President of Plaintiff corporation Specialty Associates, Inc. ("SAI"). The agreement included restrictive covenants prohibiting Werowinski from competing with SAI and any subsidiaries or affiliates of its parent corporation (the "generalRoofing Companies") for a period of two years after termination of his employment. Also included was a term prohibiting Werowinski from using or disclosing SAI's or the generalRoofing Companies' confidential information.

SAI filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 3, 2004. On May 18, 2004 Werowinski voluntarily terminated his employment there. SAI claims that Werowinski then created, now works for and/or owns a part of Total Roofing Systems, a company formed on June 8, 2004, and is competing with SAI in violation of the Employment Agreement and his fiduciary duties. SAI also claims that Werowinski has tortiously interfered with existing and prospective business, contractual and employment relations of SAI and the generalRoofing Companies. It seeks a preliminary injunction enjoining Werowinski and Total Roofing Systems from continuing these alleged violations.

## ANALYSIS

### Subject Matter Jurisdiction

Prior to determining whether this Court has the power to issue the requested injunction, subject matter jurisdiction over the claims must be established. *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 751 (5th Cir.1995) (utilizing the reasoning of other circuits that have addressed similar issues).

The jurisdiction of the bankruptcy courts derives from 28 U.S.C §§ 1334 & 157. *Celotex Corp. v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). As Chief Justice Rehnquist observed:

> § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The district courts may, in turn, refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11...to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

*Id.* The initial question, then, is whether this contract dispute arises under, arises in or is related to this case.

*"Arising under" Jurisdiction*

 In identifying the appropriate classification of the present claim, this Court turns first to the legislative explanation of the language in § 1334(b), which was taken verbatim from § 1471(b) of the Bankruptcy Reform Act of 1978.[1] The report that accompanied House Resolution 8200, which eventually led to the 1978 Act, addressed the meaning of the phrase "arising under title 11." It explained:

> By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11. For example, a claim of exemptions under 11 U.S.C. § 522 would be cognizable by the

bankruptcy court, as would a claim of discrimination in violation of 11 U.S.C. § 525. Any action by the trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be claiming based on a right given by one of the sections in subchapter III of chapter 5 of title 11.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 445 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6400, 6401. Evidently, then, Congress intended for the bankruptcy courts' "arising under" jurisdiction to be limited to causes of action created or determined by the provisions of title 11. *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir.1987). Since SAI raises claims based on state contract and tort law rather than the Bankruptcy Code, this Court finds an absence of "arising under" jurisdiction over this post-petition dispute.

*"Arising in" Jurisdiction*

 Likewise, the debtor's contract and tort actions do not fall into the second type of proceedings set out in § 1334(b), which are those "arising in" a case under title 11. As the *In re Wood* court observed, the "arising in" language of § 1334(b) "seems to be a reference to those 'administrative' matters that arise *only* in bankruptcy cases. In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* (emphasis in original). Thus, if a claim could be brought pre-petition, it cannot be said to "arise in" a case under title 11.

---

1. Although the Supreme Court, in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), held unconstitutional the *placement* of bankruptcy jurisdiction established in the 1978 Act, it is evident that it did not intend to affect the *scope* of that jurisdiction, which is the present issue. As the Fifth Circuit has noted, "[b]ecause *Marathon* did not compel Congress to reduce the scope of bankruptcy jurisdiction, it seems plain that Congress intended no change in the scope of jurisdiction set forth in the 1978 Act when it later enacted section 1334 of the 1984 Act." *Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987).

The proceeding at issue does not meet the requirements for this Court to have "arising in" jurisdiction over it. If the alleged breaches had occurred pre-petition, nothing would have prevented SAI from bringing the same actions in state court prior to filing for chapter 11 relief. Breach of contract and fiduciary duty claims such as those asserted by SAI regularly arise outside of the realm of bankruptcy, and this Court declines to expand the meaning of the "arising in" language of § 1334(b) to include them.

*"Related to" Jurisdiction*

▮ Under § 1334(b), even if a dispute does not arise under title 11 or in a case under title 11, a bankruptcy court may still hear it so long as it is at least "related to" the bankruptcy. *Id.* at 93. The *In re Wood* court noted that the three types of proceedings referenced in § 1334(b) "operate conjunctively to define the scope of jurisdiction," and thus, only the "related to" requirement must be met. *Id.* The court adopted the Third Circuit's reasoning, defining a "related" matter as one that could *"conceivably* have any effect on the estate being administered in bankruptcy." *Id.* (citing *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3rd Cir.1984) (emphasis in original)). In *In re Zale*, the Fifth Circuit further delineated this definition, noting that bankruptcy courts have upheld "related to" jurisdiction over actions when the subject of the dispute is property of the estate or "[when] the dispute over the asset would have an effect on the estate." *In re Zale*, 62 F.3d at 753. Thus, it is settled in the Fifth Circuit that in order for jurisdiction to exist over a proceeding that does not arise under title 11 or in a case under title 11, the matter must relate to the estate itself, and it must affect the debtor. *Id.* at 752–55. Neither shared facts between the proceeding and the debtor-creditor conflict nor considerations of judicial economy alone can justify the finding of subject matter jurisdiction over an otherwise unrelated suit. *Id.* at 753–54.[2]

This Court finds that it has "related to" subject matter jurisdiction over SAI's claims against Werowinski. It is at least conceivable that the alleged violations would have an effect on the estate being administered in bankruptcy. SAI's primary assets include its relationship with prospective and existing customers, customer goodwill, specialized training that it gives its employees, and valuable confidential information to which Werowinski had access. Werowinski's alleged exploitation of this information and solicitation of SAI's clients and employees, in violation of his employment agreement, may endanger the viability of SAI and undercut its reorganization efforts. SAI claims that the alleged employment contract breach already has interfered with an existing contract which Werowinski previously worked to obtain. It also claims that Werowinski's tortious interference has caused lost profits and goodwill and impaired the future earning capacity of SAI. Such violations conceivably would affect the debtor corporation SAI and its reorganization efforts. This Court holds that the present dispute is thus related to the bankruptcy case and falls within the jurisdiction of the bankruptcy court.[3]

---

**2.** Judge Lynn recently applied the *In re Wood* test to properly conclude that a single adversary proceeding was "related to" both Chapter 13 and Chapter 7 cases before it. *Allen v. Speckman (In re Bakke)*, Ch. 7 Case No. 03–41072–DML–7, Adv. No. 03–4249, slip op. at 3 (N.D.Tex. July 20, 2004); *Allen v. Speckman (In re Speckman)*, Ch. 13 Case No. 04–42172–DML–13, Adv. No. 04–4068 at 3 (N.D.Tex. July 26, 2004).

**3.** Plaintiff asserts that upon a finding of "related to" jurisdiction, the analysis should progress to the question of whether the con-

## The Power to Enjoin

■ The next question this Court must address is whether its "related to" jurisdiction confers the power to enter a binding injunction in the present proceeding. Under 11 U.S.C. § 105(a), the bankruptcy court is empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a) (2003).

In another context, the Fifth Circuit reasoned that § 105 empowered the bankruptcy court to temporarily enjoin contract claims found to be "related to" the bankruptcy, so long as the injunction did not alter another provision of the Bankruptcy Code. *In re Zale*, 62 F.3d at 760 (observing that "a § 105 injunction must be consistent with the rest of the bankruptcy code"). The *In re Zale* court concluded that, while a permanent injunction would have violated § 524 by effectively discharging a non-debtor, thus exceeding the bankruptcy court's § 105 powers, a temporary injunction "may be proper under unusual circumstances." *Id.* at 761. Unlike the present situation, the *In re Zale* court faced an issue regarding third party claims. However, the case is important to the present analysis because it is a clear validation of an injunction in a "related to" proceeding. This Court finds no reason that the *In re Zale* rationale should not apply to the present dispute. The focus in both cases is on the effect of certain actions on the debtor's estate and the scope and placement of the bankruptcy court's jurisdiction when the matter is merely "related to" the bankruptcy case.

The Supreme Court has recognized the broad reach of the injunctive power of the bankruptcy courts. In *Celotex*, the court held that creditors could not collaterally attack an injunction prohibiting them from executing against a Chapter 11 debtor's surety on supersedeas bond by asking the district court to allow execution on the bond. *Celotex*, 514 U.S. at 313, 115 S.Ct. 1493. In ruling that the creditors were bound by the bankruptcy court's injunction, the majority took note of the bankruptcy court's finding that immediate execution on the bonds would adversely affect debtor Celotex's ability to reorganize. *Id.* at 310, 115 S.Ct. 1493. Applying the *In re Pacor* test (adopted by the Fifth Circuit in *In re Wood*, 825 F.2d at 93), the majority found that effect to be at least related to the bankruptcy, even suggesting that the "related to" jurisdiction of bankruptcy courts might extend more broadly in Chapter 11 reorganizations than in Chapter 7 liquidations. *Id.* at 310–11, 115 S.Ct. 1493. To square its holding with 28 U.S.C. § 157(c)(1), which prevents a bankruptcy court from issuing a "final order or judgment" in related noncore proceedings, the court determined that since the injunction was only an interlocutory stay it was within the bankruptcy court's power to issue. *Id.* at 310 n. 7, 115 S.Ct. 1493.

Based on the principles explained by the *In re Zale* and *Celotex* courts, this Court finds that it has the power to enter a binding preliminary injunction in the present proceeding. The injunction requested is consistent with and does not violate any provision of the bankruptcy code. SAI simply seeks to enjoin, during the pendency of this adversary proceeding, the conduct that it believes is detrimentally affecting its ability to reorganize. Since SAI requests only a preliminary injunction—not a final order or judgment—this

---

tract dispute is a "core proceeding" under 28 U.S.C. § 157, in order to determine whether the bankruptcy court has the power to enter a binding preliminary injunction. However, as

this Court finds that it has the authority to enter the injunction without establishing the proceeding as "core," *see infra* "The Power to Enjoin," this issue need not be addressed.

Court is empowered to grant it under *Celotex.*

It is important to note that this Court does not hold the issuance of an injunction always to be within the jurisdiction and power of the bankruptcy courts. Indeed, as the preceding analysis shows, the question turns on intricate principles of statutory and case law which produce different results in different situations. This Court's holding is that, *in the present circumstances,* the bankruptcy court has "related to" subject matter jurisdiction over SAI's contract and tort claims, and that it has the power to enter a preliminary injunction based on them.